FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2017 MAR -2 AM 9: 58

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

| | |
|---|---|
| KAISEY KENKEL, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> THE HERTZ CORPORATION, a Delaware corporation, <br><br> Defendant. | CIVIL ACTION <br><br> Case No. 2:17-cv-127-FtM-99CM <br><br> Judge: <br><br> Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **KAISEY KENKEL** ("**KENKEL**"), by and through undersigned counsel, and state the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought under the Equal Pay Act.

### PARTIES

2. The Plaintiff, **KAISEY KENKEL** ("**KENKEL**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was, and is, employed by **THE HERTZ CORPORATION** ("**HERTZ**").

3. Defendant, **THE HERTZ CORPORATION** is a Delaware corporation with a principal place of business located at 8501 Williams Road, Estero, Florida 33928. **HERTZ** employed and employs **KENKEL**.

### JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

1

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiffs' claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **KENKEL** is a female person.

7. **KENKEL** was hired by **HERTZ** in early 2014.

8. **KENKEL** was, and is, a Construction Project Manager for **HERTZ**.

9. **KENKEL** has always performed her assigned duties in a professional manner and is very well qualified for her position.

10. **KENKEL** consistently received excellent annual performance reviews.

11. **KENKEL** is one of five Construction Project Managers but is the only one that is female.

12. Since April 2015, **HERTZ** has paid **KENKEL** roughly $68,000/year whereas the four male Construction Project Managers receive at least roughly $85,000/year.

13. **KENKEL** is longer tenured, holds greater objective qualifications, is assigned a heavier workload and has exhibited superior workplace performance when compared to her similarly situated male counterparts.

14. **KENKEL** complained to **HERTZ** about this gender-based pay disparity but to no avail as **HERTZ** has refused to adjust her pay to be at least equal to the other male Construction Project Managers, who are less qualified.

## COUNT I- VIOLATION OF THE EQUAL PAY ACT

15. Plaintiff incorporates by reference Paragraphs 1-14 of this Complaint as though fully set forth below.

16. **KENKEL** has worked for **HERTZ** within the last three (3) years.

17. **KENKEL** bring this action against **HERTZ** for legal relief to redress **HERTZ**'s systemic pattern and practice of equal pay violations.

18. **HERTZ** has deprived **KENKEL** of her equal rights under the Equal Pay Act.

19. **KENKEL** is a woman who **HERTZ** pays at a much lesser rate than male employees in jobs requiring substantially the same skill, effort and responsibility, which jobs are in the same working conditions.

20. Supervisory personnel of **HERTZ** intentionally subjected **KENKEL** to unequal and discriminatory pay based upon gender that altered the conditions of her employment.

21. The actions of **HERTZ** was intentional, willful, and malicious and/or in deliberate indifference for **KENKEL**'s clearly established legal rights as secured by the Equal Pay Act.

22. **HERTZ** could not have believed that paying **KENKEL** at a much lesser rate than similarly situated male employees was lawful in light of the clearly established law that gender discrimination was an infringement of legal rights.

**WHEREFORE,** Plaintiff respectfully requests:

i. All wages and benefits the Plaintiffs would have received but for the discrimination, including liquidated damages;

ii. Front pay;

iii. Compensatory damages in an amount to be determined at trial to compensate the Plaintiffs for their depression, humiliation, anguish, emotional distress, and defamation, caused by **HERTZ**'s conduct;

iv. **HERTZ** be required to pay prejudgment interest to the Plaintiffs on these damages;

v. The Court retain jurisdiction of this case until such time as it is assured that the **HERTZ** has remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

vi. An award of reasonable attorneys fees, costs, and litigation expenses, and;

vii. Such other relief as the Court may deem just or equitable.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: March 2, 2017

**s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272

Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

5